

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CHESTER MATTHEWS | DOCKET NO. 1:05 CV 690 |
| | SECTION P |
| VS. | JUDGE F.A. LITTLE |
| RICHARD STALDER, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C.§ 1983, by *pro se* Plaintiff, **CHESTER MATTHEWS** ("Plaintiff"). Plaintiff is currently confined at the Winn Correctional Center in Winnfield, Louisiana. Plaintiff was granted permission to proceed *in forma pauperis* on May 11, 2005. [Rec. Doc. 6].

## FACTS AND PROCEDURAL HISTORY

Plaintiff alleges he was convicted by the disciplinary board. [Rec. Doc. 1, p.5] He seeks to challenge his conviction for theft of a sewing machine part. Plaintiff was sentenced by the board to a custody change to a "working cell block", 10 days cell confinement, and restitution of $389.00.

Plaintiff names as defendants: Richard Stalder, Tim Wilkinson, Mona Heyse, Virgil Lucas, Tommy Glover, Harvey Caroll, Diane Hutzer, D. Flowers, Gary Langley, Chris Coleman, and Carol Melton. [Doc. 1, p. 1]

Plaintiff was not ordered to amend due to the thoroughness of

his initial complaint.

As relief, Plaintiff seeks monetary damages, as well as court costs. [Rec. Doc. 7]

Plaintiff is proceeding *in forma pauperis* in this action and therefore his complaint is subject to the screening provisions mandated in 28 U.S.C.§ 1915(e).

**SCREENING**

Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is subject to the screening provisions mandated in 28 U.S.C.§ 1915(e). Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is thus subject to the screening provisions mandated by 28 U.S.C. § 1915(e). Furthermore, as Plaintiff is a prisoner currently incarcerated and his civil action seeks redress from a governmental entity or officer or employee of a government entity, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A. These sections mandate the *sua sponte* dismissal of an action at anytime before responsive pleadings are filed, if the court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See*, 28 U.S.C. §§1915(e)(B)(i)-(iii); 1915A(b)(1)-(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990); Green v. Mckaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). This screening function

is juxtaposed with the court's duty to hold *pro se* complaints to less stringent standards than formal pleadings drafted by an attorney. Courts are to liberally construe such complaints when determining a whether a cause of action exists. *See*, Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)(*pro se* complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no facts in support of claim that would entitle him to relief).

The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. Neiztke v. Williams, 490 U.S. 319, 327, 104 L.Ed. 2d 338, 109 S.Ct. 1827 (1989). A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). Hicks v. Garner, 69 F.3d 22, 25 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Herndandez, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340(1992).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. Horton v. Cockrell, 70 F.3d

397,400 (5th Cir. 1996). After review and consideration of Plaintiff's claims, the Court finds that they must be dismissed under the authority of these provisions.

**Heck v. Humphrey**

To the extent plaintiff seeks damages on the basis that his disciplinary action allegedly violated his Constitutional rights, that claim is not cognizable. Under the Fifth Circuit's en banc decision in Clarke v. Stalder, 154 F.3d 186 (5th Cir 1998) and the reinstated portions of the original panel opinion, Clarke v. Stalder, 121 F.3d 222 (5th Cir. 1997), Plaintiff's claim is clearly barred under the principles articulated by the United States Supreme Court in Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364 (1994) and Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584 (1997).

A claim that effectively attacks the constitutionality of a "conviction" does not accrue until that "conviction"[1] has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994); Clarke, 154 F.3d at 189; Hudson v. Hughes, 98 F.3d 868 (5th Cir. 1996). Unless the plaintiff can prove one of the criteria, his claim is not

---

[1] Prison disciplinary actions are "convictions" for purposes of Heck. Clarke, 154 F.3d at 189.

cognizable and must be dismissed. Cronn v. Buffington, 150 F.3d 538 (5th Cir. 1998). Moreover, "if a favorable judgment would 'necessarily imply' the invalidity of the prisoner's 'conviction' or the length of his confinement" the claim is not cognizable. Heck, 114 S.Ct. at 2372.

Moreover, claims challenging the procedures used in, but not the results of, prison disciplinary proceedings are similarly not cognizable until the relevant "conviction" has been reversed, expunged, or otherwise declared invalid if a favorable judgment would "necessarily imply" the invalidity of the prisoner's "conviction" in the disciplinary proceeding. Clarke, 154 F.3d at 189-91 citing Edwards, 117 S.Ct. at 1588.

Until Plaintiff successfully challenges the disciplinary action, he cannot state a claim upon which relief can be granted.

Moreover, any decision by this court regarding the constitutionality of disciplinary action would "necessarily imply" the invalidity of plaintiff's disciplinary punishment. Therefore, until plaintiff demonstrates that the disciplinary action has been invalidated, his claim for monetary damages should be dismissed with prejudice until the requirements of Heck v. Humphrey, supra, are met.[2]

Accordingly, Plaintiff's claim should be dismissed as

---

[2] In Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996), District courts are directed to dismiss such claims "with prejudice to their being asserted again until the Heck conditions are met."

5

frivolous and as failing to state a claim upon which relief may be granted.

**ACCORDINGLY,**

**IT IS RECOMMENDED** that Plaintiff's claim challenging his disciplinary conviction be **dismissed with prejudice** as frivolous until Heck conditions are met pursuant to 28 U.S.C.§ 1915(e).

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have **ten (10) calender days** from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the District Judge and that were not objected to**

by the aforementioned party, except upon grounds of plain error.[3]

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this _18_ day of _June_, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[3]See _Douglass v. United Services Automobile Association_, 79 F.3d 1415 (5th Cir. 1996).