# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# ALEXANDRIA DIVISION

| | |
|---|---|
| **CHESTER MATTHEWS** | **CIVIL ACTION NO. 05-690** |
| **-vs-** | **JUDGE LITTLE** |
| **RICHARD STALDER, ET AL.** | |

## JUDGMENT

Before the court is a report and recommendation of the magistrate recommending that the civil rights complaint, pursuant to 42 U.S.C. § 1983, filed by *pro se* prisoner plaintiff Chester Matthews ("Matthews"), proceeding *in forma pauperis* against Defendants Richard Stalder, et al. ("Stalder"), be dismissed with prejudice as frivolous until Heck[1] conditions are met under 28 U.S.C. § 1915(e). Matthews has timely filed an objection to the magistrate's report.[2] Matthews's objection was more than adequately dealt with by the report and he fails to offer any evidence, through affidavits or otherwise, that Heck conditions have been met. Assuming arguendo that the magistrate erroneously construed Matthews's complaint as implicating the validity of his conviction, the report's proposed dismissal of his complaint for failure to state a claim was not error. This is because none of the acts of Stalder as

---

[1] Heck v. Humphrey, 512 U.S. 477, 486 (1994) (stating that a claim that effectively attacks the constitutionality of a conviction does not accrue until that conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination or called into question by a federal court's issuance of a writ of habeas corpus.").

[2] This court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations by the magistrate. See United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989); 28 U.S.C. § 636(b)(1) (2005); LR 74.1W(B) (2005). The district court is not, however, required to make new findings of fact or to reiterate the findings and conclusions of the magistrate if found to be correct. See Warren v. Miles, 230 F.3d 688, 694-95 (5th Cir. 2000); Koetting v. Thompson, 995 F.2d 37, 40 (5th Cir. 1993).

alleged by Matthews involved the violation of a constitutional right and, therefore, he has failed to state a viable § 1983 claim. See Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995). Matthews's proposed amendment to his complaint, which would allegedly challenge only the procedures employed by Stalder, fails to cure this deficiency and, thus, his request to amend is denied. See Kane Enters. v. MacGregor (USA), Inc., 322 F.3d 371, 374 (5th Cir. 2003). Consequently, Matthews's complaint seeking damages on the basis that his disciplinary action allegedly violated his constitutional rights is not cognizable and fails to state a claim. After a de novo review of the portions of the report Matthews has objected to, as well as of the entire record, this court accepts the findings and recommendations of the magistrate as correct and adopts the report in its entirety.

Accordingly, Matthews's civil rights complaint, filed pursuant to 42 U.S.C. § 1983, challenging his disciplinary conviction is, therefore, DENIED and DISMISSED WITH PREJUDICE as frivolous and for failure to state a claim until Heck conditions are met under 28 U.S.C. §§ 1915(e)(2)(B)(1)-(2).

Alexandria, Louisiana

5 July 2005

_____
F. A. LITTLE, JR.
UNITED STATES DISTRICT JUDGE